## MORAN v. UNITED STATES.

### No. 1397.

United States District Court
D. Massachusetts.

Feb. 8, 1949.

Thomas L. Mackin and Russell J. Coffin, both of Boston, Mass., for libellant.

William T. McCarthy, U. S. Atty., Edward O. Gourdin, Asst. U. S. Atty. and Thomas H. Walsh, all of Boston, Mass., for libellee.

SWEENEY, Chief Judge.

This is an action to recover damages arising out of an injury which occurred on or about January 21, 1947.

### Findings of Fact.

The respondent was the owner of the S.S. Mayfield Victory on which the libellant was working on the day of his injury. In attempting to descend by a ladder which was welded to the side of the hold he fell about sixteen feet, landing on his heels and then falling on his back. The fall was occasioned by the fact that the ladder became loosened from the side of the ship and toppled over. The injured man sustained a fracture of the os calcis and a small fracture of the second lumbar vertebra. This latter fracture was just a chipping on the top anterior surface of the vertebra. He was taken to the Carney Hospital and the fracture was reduced, and he was discharged after two weeks. He experienced a marked tremor of both hands and suffered some back pain, and the usual pain incident to a fractured heel bone. He went to many doctors in an effort to cure his back pains and his medical bills ran to more than $900. He returned to work on June 15 and worked about six months. Thereafter he laid off for six months because of back pains and returned to work in June of 1948. He has worked continuously since then.

The libellant is a stevedore and reports to a pool each morning from which he may be drawn by several foremen who are acting for stevedoring companies. I find that he has not suffered any substantial loss of time by reason of his accident, except for the two periods noted above. His work today is of a higher type and he commands more money than he did before the injury. If he were compelled to do the same type of work which he did prior to the accident, he would be partially handicapped by reason of his back pains. One of his doctors attributes his back pains not to the fractured vertebra but to the fractured os calcis, this doctor stating that about 10% of the heel injuries such as the libellant experienced have accompanying back pains. I find that the libellant suffered

a loss of wages in the approximate amount of $2,250.

Conclusions of Law.

 I conclude and rule that this libellant was in the employ of the respondent. I conclude and rule that the respondent was negligent in maintaining a ship with a ladder not securely fastened to the side of the hold, and that the ship thereby became unseaworthy. I conclude and rule that the libellant should recover, as damages for all recoverable elements, the sum of $8,500.